Mark F. Anderson (SBN 44787)
mark@aoblawyers.com
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Email: mark@aoblawyers.com

Attorneys for Plaintiff Michelle L. Becker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle L. Becker, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| | (Fair Credit Reporting Act |
| Experian Information Solutions, Inc, an Ohio corporation; | 15 USC § 1681 *et seq*) |
| Trans Union LLC, a Delaware limited liability company; and | DEMAND FOR JURY TRIAL |
| Capital One Bank (USA), National Association, | |
| Defendants. | |

## Preliminary Statement

1.     This is an action for damages brought by plaintiff Michelle L. Becker against defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union") and Capital One Bank (USA), National Association ("Capital One") for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*.  (FCRA).

## The Parties

2.      Plaintiff Michelle L. Becker is an individual consumer who lives in Napa, California.

3.     Defendant Experian is an Ohio corporation with its principal place of business in Costa Mesa, California.

4.      Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, Illinois.

5.      Defendant Capital One Bank (USA), National Association, is a national bank with its principal place of business in Glen Allen, Virginia.

**Jurisdiction & Venue**

6.      The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

7.      The court has supplemental jurisdiction over the state law claims pursuant to 15 USC § 1367.

8.      The defendants regularly conducts business in this district and the events described in this complaint arose in this district.

**Description of the Case**

9.      Defendant Capital One issued plaintiff a VISA credit card in 2004 with a $6,200 credit limit in 1996.

10.     As of March 25, 2011, Trans Union was reporting the Capital One account was satisfactory and was paid or paying as agreed.

11.     As of April 7, 2011, Experian was reporting the account was in good standing, was open, and plaintiff Becker had never been late.

12.     For reasons unknown to plaintiff, as of September 26, 2011, Experian reported plaintiff was deceased. The same report said the account had never been late.

13.     In September 2011, Trans Union also began reporting that plaintiff was deceased.

14.     The reports that plaintiff was deceased were highly exaggerated.  Plaintiff was not deceased and to this day has no idea why Capital One reported to Experian and Trans Union that she was deceased.

15.     According to plaintiff's Trans Union credit report dated January 28, 2012, Capital One closed the account on July 3, 2011. Plaintiff did not ask Capital One to close the account. Capital One probably closed the account believing plaintiff was deceased. Capital One stopped sending statements to plaintiff after July 2011.

16.     Sometime toward the end of 2011, plaintiff called Capital One to tell them she was not deceased. She was transferred to the department that deals with deceased estates. A representative in that department said that he could not deal with plaintiff because she was not deceased. She was transferred back to the active accounts department, put on hold, and then disconnected.

17.     On December 7, 2011, Capital One cancelled the debt in the amount of $6,159.47. On that date, it issued an IRS Form1099-C to plaintiff. Plaintiff does not know why Capital One cancelled the debt, but it was likely because Capital One thought plaintiff was deceased. After plaintiff convinced Capital One she was not deceased, Capital One never informed the IRS it had cancelled the debt in error.

18.      Capital One's act of cancelling the debt discharged the debt. Hence from that day forward, Capital One should not have reported the debt to the credit reporting agencies. However, it not only reported the debt to the agencies, but it also sent reports riddled with errors.

19.     Besides erroneously reporting that plaintiff was deceased, among other things, defendants erroneously reported plaintiff was late in making payments, that Capital One had charged off the account because plaintiff did not pay the balance due, that $6,100 was due and owing when it was not, and that Capital One had charged off the loan in successive months.

20.     Plaintiff sent a series of dispute letters to Experian and Trans Union over the period January 2012 to June 2015. Experian and Trans Union never corrected the account.

21.     On January 25, 2012, and on February 13, 2012, plaintiff sent letters to Experian and Trans Union, respectively, that state she was not deceased and her credit reports should be corrected accordingly.

22.     Experian responded to plaintiff's letter of January 25, 2012, with a statement that plaintiff had not provided sufficient information for them to verify her identity. On June 4, 2012, plaintiff sent another request to correct the report that she was deceased.

23.     On June 11, 2012, Experian responded with a request for a notarized letter affirming her identity.

24.     As of June 21, 2012, Experian was still reporting plaintiff was deceased, that payments on the account had never been late through May 2011, and that there was no data for the period after May 2011.

25.     As of February 23, 2012, Trans Union was reporting that responsibility for the account was "undesignated," the account was paid in full and had been a charge off.

26.     As of January 31, 2013, Experian was reporting plaintiff was deceased; the account is show as never late through May 2011.  As of February 19, 2013, Experian was reporting a charge off in June 2011 and a second charge off in February 2013 even though plaintiff was supposedly deceased.

27.     Plaintiff sent a dispute letter to Experian on February 26, 2013 asking for corrections to the Capital One account. In response, Experian deleted the statement plaintiff was deceased, but also reported that plaintiff was 30-120 days late making payments from January to May 2011 and that Capital One had charged off the loan in each of the months June 2011 through March 2013. Experian also reported that "Account closed at credit grantor's request."

28.     On March 14, 2013, plaintiff sent a dispute letter to Trans Union. In response, Trans Union reported the account was closed on June 25, 2011, and was charged off that month, that $6,252 was past due, and the unpaid balance was charged off.

29.     On March 19, 2013, plaintiff sent Experian a dispute letter pointing out that reporting the account as having been charged off in each of the 22 months through March 2013 was an indication the account was open during those months when in fact it was not.

30.     As of March 24, 2013, Trans Union was reporting that the account had been charged off in June 2011, that the account was closed on June 25, 2011, and there was an unpaid, past due amount of $6,252.

31.     On March 26, 2013, Experian was reporting that the account had been charged off, that $6,317 was written off, that plaintiff had been late from January through May 20111, and that the loan was charged off in each of the months June 2011 through March 2013.

32.     On April 5, 2013, plaintiff sent Experian a letter explaining that its report that she had not made payments on the loan in March and April 2011 was incorrect.

33.     On May 24, 2013, Experian sent plaintiff a credit report that states the account had been charged off, that $6,317 was written off, that the account was closed at grantor's request, that plaintiff had been late making payments in January through May 2011, and that the account had been charged off in each of the months June 2011 through March 2013.

34.     On May 30, 2013, Trans Union issued a credit report that states the account was charged off in June 2011, that there was a balance of $6,252 that that amount was past due, and the unpaid balance was charged off.

35.     On August 18, 2013, Experian issued a report that the account had been charged off, that $6,137 had been written off, that plaintiff was late making payments from January through May 2011, that the account was closed at the grantor's request, and that the account had been charged off in each of the months June 2011 through March 2013.

36.     As of August 18, 2013, Trans Union was reporting that the account had been charged off in June 2011, and that $6,252 was past due.

37.     On September 3, 2013, plaintiff sent Experian a letter in which she asked Experian to delete the Capital One account entirely because in spite of six dispute letters, Experian continued to report inaccurate information, including that plaintiff was dead and a deadbeat.

38.     On September 3, 2013, plaintiff sent Trans Union a dispute letter in which she stated that its report that the last payment was made on August 1, 2011, and that the account was closed on June 25, 2011, was incorrect.

39.     On September 13, 2013, Trans Union sent plaintiff a report that states the account was charged off, the account was closed and charged off in June 2011, that there was a balance and past due amount of $6,111, and the unpaid balance had been charged off.

40.     On January 11, 2014, Experian sent plaintiff a report that states the account was charged off, that $6,317 was written off and was past due as of September 2013 except there was "no data" for April through August 2013.

41.     On January 18, 2014, plaintiff sent Experian a letter in which she pointed out Experian had made a trail of errors beginning when Capital One reported she was deceased several years ago. She again asked Experian to simply delete the account.

42.     Experian refused to delete the account; instead, Experian on January 29, 2014, Experian reported the same erroneous information it reported on January 11, 2014.

43.     On February 6, 2014, Experian reported the same erroneous information it reported on January 11, 2014, except Experian re-aged the account stating $6,111 was past due as of February 2014 and that the account would stay on record until March 2018.

44.     On May 14, 2014, Trans Union erroneously reported that the account was charged off in June 2011, that $6,111 was past due, that the account was closed by the credit grantor, and the unpaid balance had been charged off.

45.     As of August 31, 2014, Trans Union was reporting that the account had been charged off in July 2011, that there was an unpaid balance of $6,111, and that the account had been closed by the credit grantor.

46.     On September 19, 2014, plaintiff sent a dispute letter to Trans Union in which she pointed out that Capital One had closed the account in June 2011 when it thought she was deceased.

47.    On September 19, 2014, Experian reported that plaintiff's Vantage credit score was only 607 and that the Capital One account had been charged off but never late, that $6,111 had been written off, that $6,111 was past due, and that the account had been charged off in every month from June 2011 through February 2014.

48.    On September 29, 2014, plaintiff sent Experian a dispute letter in which she states she has been disputing the incomplete or inaccurate or unverifiable information concerning the Capital One account for many years. She stated that Experian was reporting the account was charged off 33 times even though the report also states the account was closed.

49.    As of September 25, 2014, Trans Union reported that the account had been charged off in June 2011 and that $6,111 was past due.

50.    On October 28, 2014, Experian sent plaintiff a statement it would not investigate the account again.

51.    On January 26, 2015, Experian sent plaintiff a report that states the Capital One account had been charged off/never late, that $6,317 had been written off, that $6,111 was past due as of February 2014, that the account had been charged off in each of the months June 2011 through February 2014.

52.    On May 11, 2015, plaintiff sent Experian and Trans Union dispute letters with which she enclosed a copy of Capital One's Form 1099 – Cancellation of Debt—of the Capital One account pointing out the debt was not a bad debt, it was not charged off, it was not closed, it was never late, and in fact had been cancelled by Capital One.  Plaintiff again asked Experian and Trans Union to delete the account entirely.

53.    On May 19, 2015, Experian sent plaintiff the results of its investigation, which was that the account was paid, closed, and $6,317 was written off, and that the account was charged off in each of the months June through December 2011.

54.     On May 27, 2015, Trans Union reported that the account was paid in full, that it was closed on June 25, 2011, and that the account was charged off in each of the months June 2011 through April 2015.

55.     Experian and Trans Union's reports that the account was misleading even if it was technically accurate.

56.     On June 2, 2015, plaintiff sent dispute letters to Experian and Trans Union asking them to delete the account entirely from her credit reports.

57.     Each dispute letter to Experian and Trans Union triggered a requirement that those agencies conduct a reasonable investigation as to the accuracy of its report on the account. The agencies were required to send notice to defendant Capital One that plaintiff was disputing the account. Upon receiving such notices, Capital One was required to conduct a reasonable investigation of the accuracy and completeness of the account.

58.     Each of the defendants failed to conduct reasonable investigations concerning the accuracy of the account.

59.     As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

60.     Since 2011, plaintiff has had no access to credit, except for a credit card with a $2,000 limit.

**First Claim: Violations of the Fair Credit Reporting Act—Against Experian and Trans Union**

61.     Plaintiff incorporates by reference ¶¶ 1 through 60.

62.     Defendants failed to comply with 15 U.S.C. § 1681i.

63.     The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable

reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

64.    In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

65.    Within the two years preceding the filing of this complaint, plaintiff notified defendants about the inaccuracies contained in its reports and asked them to correct the inaccuracies.

66.    Defendants failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiff disputed.

67.    Defendants each failed to review and consider all relevant information submitted by plaintiff.

68.    Defendants failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

69.     As a result of the above-described violations of § 1681i and § 1681e (b), plaintiff has sustained damages.

70.    The violations of the FCRA were willful and therefore plaintiff is therefore entitled to also seek statutory and punitive damages.

71.    The agencies' violations of the FCRA were willful and therefore plaintiff is entitled to also seek statutory and punitive damages.

**Second Claim: Violation of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against Defendant Capital One Bank (USA), N.A.**

72.     Plaintiff incorporates by reference ¶¶ 1-71.

73.    The FCRA requires a furnisher, after receiving notice from a furnisher such as Capital One from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant

information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

74.    Within the last two years, defendant Capital One provided inaccurate, misleading and incomplete information to the defendant credit bureaus.

75.    Capital One  violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)    willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiffs disputed;

(b)    willfully and negligently failed to review all relevant information concerning plaintiffs' accounts;

(c)    willfully and negligently failing to report the results of investigations to the three credit reporting agencies;

(d)    willfully and negligently failing to report the inaccurate status of the inaccurate information to the three credit reporting agencies;

(e)    willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the three credit bureaus concerning the inaccurate information disputed by plaintiffs;

(f)    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiffs' accounts to the credit reporting agencies;

(g)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

76.    As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Third Claim: Violation of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Defendant Capital One**

77.     Plaintiffs incorporate by reference ¶¶ 1-71.

78.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

79.     Defendant Capital One negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

80.     Defendant Capital One failed to make corrections to the information it was furnishing to the credit reporting agencies.

81.     Defendant Capital One failed to provide a notice to the credit reporting agencies that the information it was providing was disputed.

82.     Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1.     Actual, statutory and punitive damages;

2.     Injunctive relief;

3.     Costs and attorney's fees; and

4.     Such other relief as the Court may deem proper.

Dated: June 11, 2015.

ANDERSON, OGILVIE & BREWER LLP

By   /s/ *Mark F. Anderson*
        Mark F. Anderson
        Attorney for Plaintiff

1

DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury on all issues.

3

Dated: June 11, 2015.

4

ANDERSON, OGILVIE & BREWER LLP

5

6

By /s/ Mark F. Anderson

7

Mark F. Anderson
Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Becker v Experian Information Solutions, Inc.*, ND Case No.
Complaint and Jury Demand                                        12